J. D. Lee, Madisonville, Tenn., for plaintiffs.

J. W. Baker, Knoxville, Tenn., for defendant.

**Gary WOODBY**

v.

**LOUISVILLE & NASHVILLE RAILROAD COMPANY.**

**C. L. PRICE**

v.

**LOUISVILLE & NASHVILLE RAILROAD COMPANY.**

Civ. Nos. 3–79–157, 3–79–165.

United States District Court, E. D. Tennessee, N. D.

May 22, 1979.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Defendant has moved to dismiss these two cases for failure to state a cause of action. In both cases, plaintiffs were discharged from employment by the defendant and were subsequently reinstated without loss of seniority due to the discharge by order of the National Railroad Adjustment Board. However, the Board, as the statutorily designated arbiter of employer-employee disputes in the railroad industry, decided that the defendant railroad did not have to reimburse plaintiffs for the wages lost due to the discharge. In these cases, plaintiffs are pursuing a common law contract claim for these lost wages under this Court's diversity jurisdiction.

Title 45 U.S.C. Section 153(m) plainly states that decisions of the National Railroad Adjustment Board are final and binding on both parties. Just as the railroad has to reinstate plaintiffs with full seniority under the Board's decision, the employees have to accept the Board's decision not to award lost wages. Judicial review of Board decisions is narrowly limited to certain questions by the Railway Labor Act, 45

U.S.C. Section 153(q). Plaintiffs cannot avoid the provisions of the Act and the finality of the Board decision by pursuing a common law contract claim in this Court. The complaint fails to state a cause of action.

Accordingly, it is ORDERED that defendant's motion to dismiss these complaints be, and the same hereby is sustained.

Order Accordingly.